STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 136-11-15 Vtec

| Taylor Conditional Use |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (136-11-15 Vtec)

Title:        Motion for Summary Judgment (Motion 3)
Filer:        Diane Dargie
Attorney:    Andrew H. Montroll
Filed Date:  August 29, 2016

Response filed on 10/03/2016 by Andrea Taylor, Appellee
      Opposition
Response filed on 10/26/2016 by Attorney Andrew H. Montroll for Appellant Diane Dargie
      Reply

**The motion is DENIED.**

Andrea Taylor received a variance from setback requirements from the Town of St. Johnsbury Development Review Board (DRB) for two existing storage sheds and a proposed back deck for her mobile home.[1]  Ms. Taylor's neighbor, Diane Dargie, appeals the DRB's decision to this Court.

Before the Court is Ms. Dargie's second motion for summary judgment on Question 4 of her Statement of Questions—the only one remaining.  This Court earlier dismissed Questions 1, 2, 3, and 5 as outside the scope of our review following Ms. Dargie's first summary judgment motion.  In re Taylor Variance, No. 136-11-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 12, 2016) (Walsh, J.).  Question 4 asks whether Ms. Taylor can be granted a variance for the deck and storage sheds on a non-conforming lot where the property has already been developed and prohibiting the additional structures would not cause hardship, and where any variance would exceed the minimum required to provide relief.

Ms. Dargie, represented by Attorney Andrew H. Montroll, argues that Ms. Taylor's request fails two of the five criteria that must be met before a development review board or this Court grants a variance.  Under 24 V.S.A. § 4469(a)(2) and (5), and the Town of St. Johnsbury Zoning and Subdivision Code of Ordinances § 206.5, the Applicant must show that:

> (2) . . . there is no possibility that the property can be developed in strict
> conformity with the provisions of the bylaw, and that the authorization of a

---

[1] The original zoning application was signed by Stephen Taylor, presumably a relation of Ms. Taylor and another resident of the property.  Andrea Taylor has appeared as the applicant in this appeal.

variance is therefore necessary to enable the reasonable use of the property. . . .

(5) The variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan.

Ms. Taylor's property at 981 Lackie Hill Road in St. Johnsbury, Vermont (Property) does not meet the minimum lot size requirements for the Rural Land Two (RL-2) zoning district where it is located.[2] The property is about 0.25 acres, measures approximately 75 feet by 150 feet is not connected to the Town's water and sewer systems. Properties not served by the Town's water and sewer service in the RL-2 district must meet a minimum lot size of 2 acres per family. In addition, the lots must have at least 300 feet of street frontage and minimum setbacks for structures of 50 feet from the front of the property, 50 feet from each side, and 100 feet from the rear of the property. Ms. Taylor's request to keep her storage sheds and construct her deck requires variances to reduce the required setbacks. The 100-foot rear-yard setback alone would prohibit any development on the lot.

In addition to the existing mobile home, the Property contains a two-story outbuilding, the first floor of which doubles as both a guestroom and family room. The top floor is used to display NASCAR memorabilia. The two storage sheds already on the Property, for which Ms. Taylor is seeking a setback variance, measure 8 by 8 feet and 8 by 10 feet and contain yard maintenance equipment and seasonal, outdoor furniture. The proposed back deck on the mobile home, which also requires a setback variance, would measure 10 by 20 feet.

Ms. Dargie argues Ms. Taylor is not entitled to a variance for the storage sheds and back deck because those improvements are not "necessary to enable the reasonable use of the [P]roperty." Town Code § 206.5 and 24 V.S.A. § 4469(a)(2). Ms. Dargie claims the two storage sheds are for convenience rather than necessity. Appellant's Reply to Andrea Taylor's Answer to Mot. for Summ. J. II. Ms. Taylor responds that the sheds are necessary to meet storage requirements for the maintenance and reasonable use of the Property. Answer to Appellant's Mot. for Summ. J. II.

Summary judgment may only be granted when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a) (applicable here through V.R.E.C.P. 5(a)(2)). In reviewing a motion for summary judgment, the Court: 1) accepts as true any factual allegations made in opposition to the motion by the non-moving party, so long as they are supported by affidavits or other evidentiary material; and 2) gives the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted).

This case calls for a higher factual inquiry. Accepting as true Ms. Taylor's factual allegations, and giving Ms. Taylor the benefit of all reasonable doubts and inferences, we conclude that at this stage of the proceeding there is genuine dispute as to material fact; that being whether Ms. Taylor is making reasonable use of her property without the two storage

---

[2] Ms. Taylor, who is self-represented, has stated that the Property is an "existing small lot" under Town Code § 401.1, which allows small lots to be developed even though they do not meet minimum dimensional requirements if they were in existence prior to the relevant zoning ordinance. Answer to Appellant's Mot. for Summ. J.; see also 24 V.S.A. § 4412 (2).

sheds and the back deck.[3] It would therefore be inappropriate for the Court, at this stage and on the facts presented, to decide this case based on a summary judgment motion.[4]

Ms. Dargie's second motion for summary judgment is **DENIED**. Please see the enclosed notice of status conference. The parties shall be prepared to provide a trial ready date at the conference.

So ordered.

Electronically signed on November 22, 2016 at 02:36 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Andrew H. Montroll (ERN 5290), Attorney for Appellant Diane Dargie
Kyle C. Sipples (ERN 2343), Attorney for Interested Person Town of St. Johnsbury
Appellee Andrea Taylor

---

[3] The two Vermont Supreme Court variance cases cited by Ms. Dargie in her answer to Ms. Taylor's reply to the motion were first heard by the lower courts; they were not decided on summary judgment motions. Gadhue v. Marcotte, 141 Vt. 238, 240 (1982); In re Mutschler, Canning and Wilkins, 2006 VT 43, ¶ 6, 180 Vt. 501.

[4] This is the second summary judgment motion filed by the Appellant in this case. The Court is concerned about the efficient use of Court time and the parties expense in writing and responding to sequential summary judgment motions, especially on issues that include a substantial factual context.